IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAJARRA JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| vs. | ) 2:06 CV1110 - MHT |
| | ) |
| MOBIS ALABAMA LLC, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | |

RECEIVED
2006 DEC 15 P 3:50
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

## COMPLAINT

### I. JURISDICTION

1. This suit is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq*. The jurisdiction of this Court is based on 28 U.S.C. §§1331, 2201 and 2202.

### II. PARTIES

2. Plaintiff LaJarra Jefferson ("Plaintiff") is a citizen over the age of nineteen and a resident of Montgomery County, Alabama.

3. Defendant Mobis Alabama LLC ("Defendant") is an Alabama corporation and a covered employer under the FMLA.

### III. BACKGROUND

4. Plaintiff became employed by Defendant at its manufacturing facility in Montgomery, Alabama on or about February 21, 2005.

5. Defendant employs at least 50 employees within 75 miles from the Montgomery facility.

6. Plaintiff was employed as a material handler, and her supervisor was Joe Hall.

7. In September of 2005, Plaintiff discovered that she was pregnant.

8. Plaintiff notified Hall of this soon thereafter.

9. In October of 2005, Plaintiff was experiencing difficulty due to her pregnancy in performing some of the lifting requirements of her job.

10. Plaintiff told Hall about it and asked if she could be given light duty or moved to another position.

11. Hall told Plaintiff she could do neither.

12. Plaintiff then asked Kirk (last name unknown) in Team Relations about the possibility of performing light duty or being moved to another position.

13. Kirk also told Plaintiff that she could do neither but would have to apply for FMLA leave upon her anniversary date.

14. In December of 2005, Plaintiff was experiencing significant hip pain due to her pregnancy.

15. Plaintiff asked Kirk if she could talk to Ruth Heard, Assistant Manager of Human Resources, about applying for FMLA leave.

16. Going through a Team Relations representative was the proper avenue for Plaintiff to make a request for assistance from Human Resources.

17. Plaintiff was told that she would need to exhaust her vacation days before applying for FMLA leave.

18. Consequently, Plaintiff took approximately four vacation days in January of 2006 because of the hip pain she was experiencing.

19. On or about February 7, 2006, Plaintiff met with Heard in Human Resources, who gave Plaintiff an FMLA medical certification form to be completed by her doctor.

20. Plaintiff got the form completed by her Ob/Gyn and submitted it to Defendant the next day.

21. Heard told Plaintiff that the form was deficient in that it stated that Plaintiff wanted to be off work rather than needed to be off.

22. On February 17, Plaintiff's family doctor gave plaintiff restrictions of no bending or squatting for two to three weeks due to the hip pain.

23. Plaintiff took the work restriction note back to work on February 17.

24. Mike (last name unknown), the manager over logistics, told Plaintiff that she could not work for Defendant under the restrictions.

25. Consequently, on February 20, Plaintiff obtained a new FMLA certification form from Heard and took it to her family doctor.

26. Plaintiff's family doctor completed the form, and Plaintiff took it back to Defendant and left it for Heard on February 21.

27. Also on February 21, Plaintiff called Hall and told him that Mike had prohibited her from working due to the restrictions.

28. On February 24, Heard called Plaintiff and told her that the form was deficient because the doctor had not put an exact return date on the form.

29. This was the first Plaintiff had heard from Defendant since she submitted the form on the 21st.

30. In between February 21 and February 24, Plaintiff had called Hall two times to remind him that she was prohibited from working due to the restrictions.

31. Plaintiff retrieved the FMLA form and took it back to her family doctor, who put in a return date.

32. Plaintiff took the form back to Heard.

33. Heard told Plaintiff that the form was still deficient.

34. Plaintiff asked why.

35. Heard refused to tell Plaintiff why.

36. The following Monday, Plaintiff went to the Human Resources office to talk to Heard again about the FMLA form.

37. Heard would not see Plaintiff.

38. Rather, Heard had Danny (last name unknown) from safety bring Plaintiff yet another FMLA form.

39. Plaintiff took the form to her family doctor, who could not fill it out because he did not know what was wrong with the last one he had filled out.

40. Plaintiff telephoned Heard and left her messages for her, but she would not return Plaintiff's calls.

41. Plaintiff told the receptionist at the Human Resources office that her family doctor could not fill out the form because he did not know what was wrong with the last one he had completed.

42. Plaintiff telephoned Heard's office and visited it in person two to three times per week to talk to Heard from the last week in February to March 7, but Heard would not talk to Plaintiff.

43. During this time, Plaintiff continued to regularly remind Hall that she was prohibited from returning to work due to work restrictions.

44. On March 7, Plaintiff called the Human Resources office and spoke to Traci Riedler, Senior Human Resources Manager.

45. Plaintiff told Riedler that her family doctor could not fill out the form because he did not know what was wrong with the last one he had completed.

46. Riedler refused to tell Plaintiff what was wrong with the form.

47. Plaintiff told Riedler that she would then have her family doctor write a letter regarding her condition.

48. Riedler told Plaintiff, "Do what you have to do."

49. Plaintiff obtained a letter from her family doctor and her new Ob/Gyn and took them to the Human Resources office on March 9 to give to Riedler.

50. After waiting one and a half hours, Plaintiff was told by the receptionist that Riedler would not see her.

51. At that time, Defendant's Vice-President, (first name unknown) Hyu, came through the reception area.

52. Plaintiff told Hyu that she needed to give some papers to Riedler.

53. Hyu asked the receptionist to have Riedler come out.

54. Riedler came out and told Plaintiff that Defendant would take no more papers from Plaintiff and that she was fired.

## IV. CAUSES OF ACTION

### COUNT I

### FMLA

55. Paragraphs 1-54 above are incorporated by reference.

56. At the time of her termination, Plaintiff was an eligible employee under the FMLA.

57. Plaintiff's pregnancy qualified as a serious health condition under the FMLA.

58. Defendant failed to abide by its obligations under the FMLA with respect to Plaintiff as follows:

(a) Defendant distributed an employee handbook to Plaintiff but failed to include information as to Plaintiff's FMLA rights and duties, as required by 29 CFR §825.301(a)(1);

(b) Defendant failed to provide Plaintiff written information as to her rights and duties under the FMLA, as required by 29 CFR §825.301(b)(1);

(c) Defendant failed to provide Plaintiff written notice as to her obligations in providing an FMLA medical certification, as required by 29 CFR §825.301(b)(1)(ii) and 29 CFR §825.305(a);

(d) Defendant failed to give Plaintiff fifteen days after written notice to provide an FMLA medical certification, as required by 29 CFR §825.305(b);

(e) Defendant failed to provide Plaintiff written (or verbal) notice as to the ramifications of failure to provide an FMLA medical certification, as required by 29 CFR §825.305(d);

(f) Defendant failed to provide Plaintiff an FMLA medical certification form that conformed to 29 CFR §825.306;

(g) In requiring provision in the FMLA medical certification of an exact return to work date, as opposed to the "likely duration" of Plaintiff's incapacity, Defendant failed to abide by 29 CFR §825.306(b)(2)(iii);

(h) Defendant failed to advise Plaintiff of the nature of any claimed deficiency in the FMLA medical certifications she submitted, as required by 29 CFR §825.305(d);

(i) Defendant failed to seek clarification of FMLA medical certifications submitted by Plaintiff in the manner required by 29 CFR §825.307(a); and

(j) Defendant failed to provide Plaintiff a reasonable opportunity to cure any defect in the FMLA medical certifications she submitted, as required by 29 CFR §825.305(d).

59. In terminating Plaintiff, Defendant violated her rights under the FMLA in that Defendant (a) interfered with her taking available FMLA leave and/or (b) retaliated against her for availing herself of rights under the FMLA.

60. Defendant knew, or showed reckless disregard for whether, its termination of Plaintiff violated the FMLA.

61. Defendant acted in willful violation of the FMLA.

62. As a result of the above described acts, Plaintiff has been made to suffer lost wages and other benefits.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions violated the FMLA;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by re-employing Plaintiff and placing her in the position she would have occupied in the absence of Defendant's violation of Plaintiff's FMLA rights (or, alternatively, providing

front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay liquidated damages;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Plaintiff's FMLA rights;

(iv) That the Court award such other available legal and equitable relief as is warranted, including, but not limited to, an award of costs and expenses, attorney's fees, and expert witness fees.

Respectfully submitted,

_____
Adam M. Porter
Attorney for Plaintiff
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

_____
Attorney for Plaintiff

Defendant's Address:
Mobis Alabama LLC
c/o The Corporation Co., Reg. Agent
2000 Interstate Park Dr.
Suite 204
Montgomery, AL 36109