IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAJARRA JEFFERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:06-cv-1110-MHT |
| | ) | |
| MOBIS ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

**COMES NOW** the Defendant MOBIS Alabama, LLC (hereinafter "MOBIS") and answers the Complaint as follows:

### I.   JURISDICTION

1.   MOBIS admits only that Plaintiff invokes the statutes cited in Paragraph 1 of the Complaint, and admits that this Court has subject matter jurisdiction. MOBIS denies that Plaintiff is entitled to any relief whatsoever.

### II.   PARTIES

2.   MOBIS admits that Plaintiff LaJarra Jefferson is over the age of nineteen (19) years, and that her last known address was in Montgomery County, Alabama.

3.   Admitted.

### III.   BACKGROUND

4.   Admitted.

5.   Admitted.

6.   Admitted.

7. MOBIS admits only that Plaintiff became pregnant, but, pending discovery, denies that she learned of this fact in September of 2005.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. MOBIS admits that going through a Team Relations representative is one proper avenue to initiate contact with MOBIS' Human Resources Department.

17. Denied.

18. Denied. MOBIS only admits that the Plaintiff took four (4) vacations days on February 15th, 16th, 17th and 20th (the 18th and 19th were on a weekend).

19. Denied. On Monday February 6, 2006, Plaintiff informed Ruth Heard, MOBIS' Assistant Manager of Human Resources, that she wanted to take her four (4) unused paid vacation days commencing on Wednesday, February 15, 2006 and ending on Monday February 20, 2006. Plaintiff also told Heard that she wanted to commence FMLA leave for pregnancy on Tuesday, February 21, 2006. Ms. Heard explained to Plaintiff that to qualify for FMLA leave she would need a medical certification from her physician. Ms. Heard gave Plaintiff MOBIS' Family Medical Leave Policy and Procedures and standard FMLA medical certification forms

for that purpose. Plaintiff stopped coming to work on February 15, 2006, without complying with MOBIS' FMLA Policy and Procedures

20. MOBIS admits that Plaintiff saw her OBGYN, Dr. Dent Williams, on February 16, 2006, and thereafter gave MOBIS a doctor's note restricting Plaintiff to eight (8) hour work days and no lifting of more than twenty-five (25) pounds. Dr. Williams' nurse called Ms. Heard, in Plaintiff's presence, to verify whether MOBIS could accommodate Dr. Williams' restrictions. Ms. Heard replied that MOBIS could do so. Dr. Williams did not state or certify that Plaintiff was medically eligible for FMLA leave. All allegations, not specifically admitted, are denied.

21. Denied. MOBIS admits that on or about February 16, 2006, Plaintiff presented an FMLA medical certification form signed by Dr. Williams', but denies that Dr. Williams certified that Plaintiff was medically eligible for FMLA leave. The certification form completed by Dr. Williams stated that Plaintiff could work under the same restrictions described in the note referred to in Paragraph 20 above and stated in words or substance that Plaintiff wanted to commence FMLA leave, not that she was medically qualified. Heard and Tracy Riedler, MOBIS' Senior Human Resources Manager, met with Plaintiff and explained to her that Dr. Williams had not certified that she was medically eligible for FMLA leave, and that she was not authorized to commence leave. They explained to Plaintiff that her physician had stated that Plaintiff merely wanted to take FMLA leave but that she was able to continue working under the aforementioned restrictions. The remaining allegations of Paragraph 21, not specifically admitted, are denied.

22. MOBIS admits on information and belief that Dr. J.W. Mathis, M.D. signed a doctor's note on February 17, 2006, in which he restricted Plaintiff's duties as follows: "no

3

bending or squatting x2-3 wks." The remaining allegations of Paragraph 22 of the Complaint, not specifically admitted, are denied.

23.     Denied, pending verification in discovery as to the date Plaintiff presented Dr. Mathis' note. MOBIS admits that it received a note from Dr. Mathis with the above-stated restrictions as described in Paragraph 22 of this Answer.

24.     Denied.

25.     Denied.

26.     MOBIS admits only that on or about February 21, 2006, Dr. Mathis signed an FMLA Certificate of Healthcare Provider, a form that had been provided by MOBIS. In that document, Dr. Mathis certified that Plaintiff was able to continue working with certain restrictions on her physical activities. The remaining allegations of Paragraph 26 of the Complaint are denied.

27.     Denied.

28.     Denied. Dr. Mathis did not certify that Plaintiff was medically eligible for FMLA leave, only that she needed to work under certain restrictions. Heard did ask Plaintiff to have Dr. Mathis clarify the likely duration of the restrictions he imposed.

29.     Denied.

30.     Denied.

31.     MOBIS admits that Dr. Mathis clarified that the likely duration of the Plaintiff's work restrictions would be until June 2006.

32.     Admitted.

33.     Denied. Plaintiff wanted to commence twelve (12) weeks FMLA leave but two (2) physicians had certified to MOBIS that Plaintiff was medically able to continue working

4

under certain restrictions, which MOBIS was willing to accommodate. Heard explained to Plaintiff that she was not medically eligible to commence FMLA leave according to her own doctors, and that she must return to work. Plaintiff insisted on remaining out of work without an FMLA medical certification. Plaintiff refused to return to work despite Heard's warning that her absences were unexcused and counted towards her attendance record.

    34.    Denied.

    35.    Denied.

    36.    Denied.

    37.    Denied.

    38.    Denied.

    39.    Denied.

    40.    Denied. Heard and Riedler had several communications with Plaintiff, all of which concerned the fact that she was missing work, and that her absences were unexcused because she had not obtained the medical certification necessary to commence FMLA leave.

    41.    Denied

    42.    Denied.

    43.    Denied.

    44.    Admitted.

    45.    Denied.

    46.    Denied. Mrs. Riedler and Heard repeatedly explained to Plaintiff that she needed certification for medical leave for her absences to be excused under FMLA.

    47.    Denied.

    48.    Denied.

49. Denied.

50. Denied.

51. Admitted.

52. Denied.

53. Denied.

54. Denied. MOBIS admits that on or about March 9, 2006, Riedler informed Plaintiff that her employment had been terminated for excessive absenteeism under MOBIS' attendance policy. When Plaintiff was terminated, she had been absent from work since February 21, 2006, without presenting FMLA medical certification.

### IV. CAUSE OF ACTION
### COUNT I

### FMLA

55. All allegations of Paragraphs 1-54 of the Complaint not specifically admitted above are denied.

56. Denied.

57. Denied.

58. (a) – (j) Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. MOBIS denies that Plaintiff is entitled to any of the relief she requests in the addendum clause of her Complaint.

6

64.     Every allegation of the Complaint not specifically admitted above is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The statute of limitations bars some or all of Plaintiff's claims.

### SECOND DEFENSE

Plaintiff has failed to timely exhaust her administrative remedies and has failed to file a timely suit.

### THIRD DEFENSE

Some or all of Plaintiff's claims fail to state claims for which relief can be granted.

### FOURTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FIFTH DEFENSE
### (Mixed Motive)

All employment decisions made by MOBIS respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons, and would have been made for those other reasons, irrespective of Plaintiff's request for FMLA leave and/or her protected status or conduct under the FMLA Act, if any.

### SIXTH DEFENSE

Plaintiff is estopped and lacks clean hands to seek the equitable relief she requests due to violation of MOBIS' attendance policy, and her insubordinate behavior.

### SEVENTH DEFENSE

MOBIS states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against MOBIS rest on

7

conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, liquidated damages are not recoverable.

### EIGHTH DEFENSE

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

### NINTH DEFENSE

To the extent that Plaintiff's claims have been waived, they are barred.

### TENTH DEFENSE

To the extent that Plaintiff might have been guilty of conduct, as yet unknown to MOBIS which conduct would have prevented Plaintiff's employment or caused discharge, she is barred from seeking some or all damages.

### ELEVENTH DEFENSE

Plaintiff complains about decisions made by different decision-makers.

### TWELFTH DEFENSE

The doctrine of laches bars some or all of Plaintiff's claims.

### THIRTEENTH DEFENSE

Defendant pleads judicial estoppel as to Plaintiff's claims.

### FOURTEENTH DEFENSE

MOBIS pleads the "same actor" defense.

### FIFTEENTH DEFENSE

With respect to all of Plaintiff's claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of MOBIS were privileged under the law including, but not limited to, under the employment-at-will doctrine.

## SIXTEENTH DEFENSE

MOBIS complied with the FMLA statute and regulations in all material respects. Plaintiff caused her own termination by refusing to come to work in accordance with the restrictions imposed by her physicians, which MOBIS was prepared to accommodate.

## SEVENTEENTH DEFENSE

MOBIS reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted,

/s/Henry C. Barnett, Jr.
HENRY C. BARNETT, JR. (BAR037)

*ATTORNEY FOR MOBIS ALABAMA, LLC*

**OF COUNSEL**:
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL  36102
Telephone:  (334) 241-8059
Facsimile:   (334) 323-8888

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of January 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam M. Porter<br>
2301 Morris Avenue, Suite 102<br>
Birmingham, Alabama 35203

                /s/Henry C. Barnett, Jr.
                OF COUNSEL