IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAJARRA JEFFERSON )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MOBIS ALABAMA, LLC, )<br>)<br>    Defendant. ) | CASE NO.: 2:06-cv-1110-MHT |

**REPORT OF PARTIES' PLANNING MEETING**

1. **Appearances.** Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on February 12, 2007 by telephone and was attended by:

   Adam M. Porter
   Attorney for Plaintiff LaJarra Jefferson

   AND

   Henry C. Barnett, Jr.
   Capell & Howard, P.C.
   Attorney for Defendant Mobis Alabama, LLC

2. **Synopsis of Case**
   Plaintiff claims that Defendant terminated her because of her request for leave under the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* Plaintiff claims that Defendant violated her rights under FMLA by (a) interfering with Plaintiff's request for FMLA leave and/or (b) retaliating against her for availing herself of rights under the FMLA

   Defendant contends that Plaintiff informed Defendant's HR Department that she wanted to commence her FMLA leave for pregnancy. Defendant gave Plaintiff its standard FMLA forms including a Certification of Health Care Provider. Plaintiff's physician did not certify that Plaintiff qualified medically to commence FMLA leave. Plaintiff stopped coming to work. Plaintiff failed to submit certification from a health care provider stating that she qualified medically for FMLA leave, so Defendant terminated her employment for unexcused absenteeism. Defendant denies interference or retaliation with regard to Plaintiff's undocumented requests for FMLA leave.

3. **Pre-Discovery Disclosures**. The parties will exchange by February 28, 2007 the information required by Federal Rules of Civil Procedure 26(a)(1).

1084869

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects:

      1. All information pertaining to Plaintiff's claims and damages.

      2. All information pertaining to Defendant's defenses.

      3. Facts known to other persons believed to have discoverable information relevant to the claims and defenses of the parties.

      4. Facts relating to affirmative defenses.

   b. All discovery commenced in time to be completed by February 4, 2008.

   c. There will be a maximum of forty-five (45) interrogatories including sub-parts by each party to any other party. Responses due 30 days after service.

   d. There will be a maximum of forty-five (45) requests for production by each party to any other party.

   e. There will be a maximum of thirty (30) requests for admission by each party to any other party. Responses due by 30 days after service.

   f. The parties agree that no more than ten (10) depositions may be taken by a party without leave of the court or agreement of the parties. Except as stated below, each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties. The depositions of the Plaintiff and Defendant's 30(b)(6) witness will be limited to 9½ hours to be completed in one day unless extended or modified by agreement of the parties or approved by the Court.

   g. Reports from retained experts under Rule 26(a)(2) will be due:
   from Plaintiff by September 26, 2007
   from Defendants by October 26, 2007

   h. Supplementations under Rule 26(e) must be made no later than 60 days prior to the close of discovery.

   i. If production of discoverable electronic or computer-based media ("ESI") is required or requested, it will be produced unless the information is not reasonably accessible due to undue burden or cost. The requesting party may specify the form or forms in which ESI is to be produced. The producing party may object to the requested form or forms for producing ESI, stating the reasons for the

1084869

objection. If objection is made to part of an item or category, the part shall be specified and a inspection permitted on the remaining parts. If objection is made to the requested form or forms for producing ESI-or no form is specified in the request- the producing party must state the form or forms it intends to use. If the receiving party does not specify the form or forms for producing ESI, the producing party must produce the information in a form or forms in which it is ordinarily maintained, or in a form or forms that are reasonably usable. A producing party need not produce the same electronically stored information in more than one form.

5. **Other Items**.

    a. **Scheduling Conference**
The parties do not request a conference with the court before entry of the scheduling order.

    b. **Pretrial Conference**
The parties request a pretrial conference on or about February 18, 2008.

    c. **Additional Parties, Claims and Defenses**
Plaintiff should be allowed until June 28, 2007 to join additional
parties and to amend the pleadings.

Defendants should be allowed until July 25, 2007 to join additional parties and to amend the pleadings.

    d. **Dispositive Motions**
All potentially dispositive motions should be filed by November 20, 2007.

    e. **Settlement**
Parties will evaluate settlement possibilities on a continuing basis.

A face-to-face settlement conference should take place by December 11, 2007.

Plaintiff is to file a Notice Concerning Settlement Conference and
Mediation by December 17, 2007.

    f. **Trial Evidence**
The final list of witnesses and trial evidence under Rule 26(a)(3) should be due February 18, 2008.

The Parties should have fourteen (14) days after service to list objections under Rule 26(a)(3).

1084869

      Identification of responsive parts to depositions should be due by February 25, 2008.

      Voir dire questions, motions in limine fully briefed, and any proposed jury instructions should be due by March 17, 2008.

g. **Trial Date**

      The case should be ready for trial by March 31, 2008 and at this time is expected to take approximately five (5) days.

      Respectfully submitted on this the 12th day of February, 2007.

      /s/Henry C. Barnett, Jr.
      HENRY C. BARNETT, JR. (BAR037)
      *ATTORNEY FOR THE DEFENDANT*

**OF COUNSEL**:
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8059
Facsimile: (334) 323-8888

      /s/Adam M. Porter
      ADAM M PORTER (ASB-2472-P75A)

      *ATTORNEY FOR THE PLAINTIFF*

**OF COUNSEL:**
ADAM M. PORTER
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203

1084869